UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HERAEUS KULZER LLC | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 1:12-cv-11099-RGS |
| OMNI DENTAL SUPPLY | ) ) |
| Defendant. | ) ) ) |

## FIRST AMENDED COMPLAINT

Plaintiff Heraeus Kulzer LLC ("Heraeus"), as and for its Amended Complaint against defendant Omni Dental Supply (hereinafter, "Defendant" or "Omni"), alleges upon personal knowledge as to its own acts and as to events taking place in its presence, and upon information and belief as to all other facts, as follows:

## NATURE OF THIS ACTION

1.      This is an action for trademark infringement, improper importation, and for unfair and deceptive business practices pursuant to G.L. c. 93A.  As described more fully below, Defendant knowingly advertises, sells, offers to sell, distributes, and imports into the United States, dental products intended for use and resale in China.  Given the differences between dental products intended for use and resale in the United States versus those for use and resale in China, Defendant's sale of imported Chinese dental products within the United States irreparably harms Heraeus and will continue to irreparably harm Heraeus, unless such conduct is enjoined.

~#4843-0740-2504 v.1~

## JURISDICTION AND VENUE

2.     Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a), which confer original jurisdiction upon this Court for all civil actions arising under the laws of the United States and any act of Congress relating to trademarks, respectively.  In addition, supplemental jurisdiction over related State law claims is conferred upon this Court by 28 U.S.C. § 1367(a).

3.     Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts pursuant to the Massachusetts long-arm statute, because Defendant has caused tortious injury to Heraeus' trademarks within the Commonwealth; because Defendant practices the unlawful conduct complained of herein, in part, within the Commonwealth; because the unlawful conduct complained of herein causes tortious injury, in part, within the Commonwealth; because the Defendant regularly does or solicits business within the Commonwealth; because the Defendant regularly and systematically directs electronic activity into the Commonwealth with the manifest intent of engaging in business within the Commonwealth, including the sale and/or offer for sale of dental products to Internet users within the Commonwealth, as well as, upon information and belief, entry into contracts with residents of the Commonwealth resulting in distribution of its products in the Commonwealth. Similarly, because some of the Defendant's wrongful acts involved the offering for sale and sale of products that infringe upon Heraeus' trademarks, venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

4.     Plaintiff Heraeus Kulzer LLC is a limited liability company with a principle address of 300 Heraeus Way, South Bend, Indiana.  Heraeus designs, manufactures, and sells

a variety of high-quality products, including dental products that are the subject of this Complaint.

5. Upon information and belief, Defendant Omni Dental Supply is a New York business with a principal location of 1412 Avenue M in Brooklyn, New York 11230. Omni is an online supplier of dental products doing business primarily through the domain name omnidentalsupply.com.

## BACKGROUND

6. Heraeus brands its dental products through a variety of trademarks registered at the United States Patent and Trademark Office ("USPTO"). Heraeus is the exclusive licensee of numerous registered trademarks and servicemarks, including, but not limited to, the following (hereinafter the "Heraeus Marks"):

| Reg. Number | Reg. Date | Mark |
| --- | --- | --- |
| 1212910 | October 19, 1982 | DURAFILL |
| 2816440 | February 24, 2004 | iBOND |
| 1402838 | July 29, 1986 | GLUMA |
| 1816611 | January 18, 1994 | CHARISMA |

7. Said registrations identified above are incontestable and are in full force and effect.

8. Heraeus designs, advertises, manufactures, distributes and sells dental products to dentists under the Heraeus Marks.

9. Heraeus engages in extensive advertising of its dental products as a means of promoting its products and establishing goodwill in their brand names. Through advertising

3

and other promotional efforts, Heraeus has ensured that its marks have become famous in the dental marketplace.

10. Defendant is not, and never has been, authorized to use the Heraeus Marks.

## DEFENDANT'S MISCONDUCT

11. Defendant is importing from China into the United States dental products bearing the Heraeus Marks.

12. After importing Chinese products bearing Heraeus Marks, Defendant, through its online store and through more traditional print advertising, is distributing and selling the imported Chinese products to United States consumers as genuine Heraeus products.

13. Products bearing the Heraeus Marks emanating from China are not genuine Heraeus products and are not intended for distribution and resale in the United States.

14. Language differences on the packaging of the products alone create material differences between products bearing the Heraeus Marks emanating from China and genuine Heraeus products properly distributed and sold in the United States.

15. Doe Dental Offices is a Massachusetts corporation providing dental care services within Massachusetts to Massachusetts residents.[1]

16. In March of 2011, Doe Dental Offices placed an online order for several dental products from Omni.

17. Upon inspection of the products received from Omni, it was determined that (1) the products bore the Heraeus Marks, and (2) the products emanated from China.

---

[1] Doe Dental Offices is a fictitious name. The actual name of the company has been withheld until a proper protective order has been entered in this case to ensure that no negative impact on Doe Dental Office's business results from this lawsuit.

~#4843-0740-2504 v.1~

18. The products were sent to Heraeus who determined the origin of the products to be China.

19. The products distributed and sold by Omni had been illegally imported from China into the United States by Omni and then distributed and sold to a Massachusetts dental office.

20. Upon information and belief, all products bearing the Heraeus Marks sold and distributed by Omni are illegally imported dental products from China.

21. Dental products imported from China bearing the Heraeus Marks are not genuine Heraeus products and are materially different from Heraeus products sold in the United States.

22. The sale of illegally imported, non-genuine, Chinese dental products bearing the Heraeus Marks results in actual and irreparable harm to Heraeus and to the consuming public.

### SUBSTANTIAL HARM CAUSED BY DEFENDANT'S MISCONDUCT

23. Defendant's actions substantially harm Heraeus by placing non-genuine and illegally imported Chinese dental products into the stream of commerce in the United States.

24. Defendant's actions deprive Heraeus of the opportunity to earn profits from the sale of legitimate Heraeus products to consumers.

25. Defendant's actions substantially harm Heraeus and consumers who ultimately purchase the Defendant's non-genuine, unlawfully imported Chinese dental products.

26. Defendant's conduct has also resulted in customer confusion as well as the dilution of Heraeus' goodwill and trade name.

### COUNT I
### VIOLATION OF HERAEUS' COMMON LAW AND FEDERAL TRADEMARK RIGHTS

~#4843-0740-2504 v.1~

27. Heraeus hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

28. Through use of the Heraeus Marks within the Commonwealth and throughout the United States, the Heraeus Marks have developed a tremendous amount of goodwill in the minds of the consuming public.  As a result of this widespread and continuous use, the Heraeus Marks have become widely associated with Heraeus, identify Heraeus as the source of its goods and services sold, and represent the valuable goodwill of Heraeus among members of the consuming marketplace.  The goodwill associated with the Heraeus Marks is a valuable asset that provides Heraeus the long term ability to compete in the dental marketplace.

29. Heraeus engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with its Heraeus Marks, throughout the United States.

30. By illegally importing from China, non-genuine dental products bearing the Heraeus Marks, Defendant has used in commerce a reproduction, counterfeit, copy, or colorable imitation of the Heraeus Marks in connection with the sale, offering for sale, distribution, and advertising of dental products in a manner that is likely to cause confusion, mistake or deception in violation of 15 U.S.C. § 1114.

31. By illegally importing from China, non-genuine dental products bearing the Heraeus Marks, Defendant is engaging in unfair competition, falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, Heraeus and its goods and services in violation of 15 U.S.C. § 1125(a).

32. By illegally importing from China, non-genuine dental products bearing the Heraeus Marks, using the Heraeus Marks or a confusingly similar designation in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without Heraeus' consent, Defendant is falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, Heraeus and its goods and services in violation of 15 U.S.C. § 1125(a).

33. By illegally importing from China, non-genuine dental products bearing the Heraeus Marks, using the Heraeus Marks or a confusingly similar designation in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without Heraeus' consent, and Defendant has knowingly and intentionally infringed upon the Heraeus Marks. Accordingly, Heraeus is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

34. Heraeus has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and, unless its conduct is enjoined, Heraeus' reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Heraeus is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
## IMPORTATION OF GOODS BEARING INFRINGING MARKS

35. Heraeus hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

~#4843-0740-2504 v.1~

36. By illegally importing from China, non-genuine dental products bearing the Heraeus Marks or marks confusingly similar to the Heraeus Marks with the intent of inducing the public into believing that the products are intended for resale in the United States, Defendant has violated 15 U.S.C §1124.

37. Heraeus has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and, unless its conduct is enjoined, Heraeus' reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Heraeus is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III
## VIOLATION OF TARIFF ACT

38. Heraeus hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

39. By importing dental products from China bearing the Heraeus Marks, Defendant has violated 19 U.S.C. §1526(a).

40. Heraeus has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and, unless its conduct is enjoined, Heraeus' reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Heraeus is entitled to injunctive relief to prevent this ongoing harm.

## COUNT IV
## VIOLATION OF G.L. c. 93A

41. Heraeus hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42.     Heraeus and Omni are in the conduct of trade or commerce within the meaning of G.L. c. 93A.

43.     Heraeus continued importation and sale of Heraeus dental products into Massachusetts where the products are not intended for resale constitutes an unfair and deceptive business practice.

44.     By reason of the foregoing, Heraeus has been, and will continue to be irreparably harmed and damaged by Defendant's conduct, unless such conduct is enjoined by this Court.

## RELIEF REQUESTED

WHEREFORE, Heraeus prays for judgment in its favor and against the Defendant providing the following relief:

A. Enter judgment in favor of Heraeus on the counts asserted herein and award damages on each of the counts;

B. Statutory damages of up to $2,000,000.00 per trademark under the Lanham Act for use of a non-genuine Heraeus Mark;

C. Award Heraeus its reasonable attorneys' fees in bringing this action under G.L. c. 93A and the Lanham Act;

D. Award Heraeus its costs incurred in bringing this action;

E. Award Heraeus prejudgment and postjudgment interest in the maximum amount allowed under the law;

F. Enter a permanent injunction restraining and enjoining Omni and all of its agents, servants, employees, successors and assigns, and all persons in active concert or

participation with Omni(or its agents) from importing Heraeus products from China and reselling them in the United States as genuine Heraeus products; and

G.  All other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

Heraeus hereby requests trial by jury on all claims so triable.

>   Respectfully submitted,
>   Plaintiff,
>   Heraeus Kulzer LLC,
>   by its attorneys,
>
>   */s/ Morgan T. Nickerson*
>   Christopher S. Finnerty (BBO # 657320)
>   chris.finnerty@nelsonmullins.com
>   Morgan T. Nickerson (BBO # 667290)
>   morgan.nickerson@nelsonmullins.com
>   Nelson Mullins Riley & Scarborough LLP
>   One Post Office Sq., 30th Floor
>   Boston, MA 02109
>   p.  (617) 573-4700
>   f.  (617) 573-4710

Dated: June 22, 2012

## CERTIFICATE OF SERVICE

I, Morgan T. Nickerson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: June 22, 2012                    */s/ Morgan T. Nickerson*

10

~#4843-0740-2504 v.1~